United States District Court
Southern District of Texas
FILED

JUL 2 9 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Ms. Melissa Garcia<br>*Plaintiff,* | §<br>§<br>§ | CIVIL ACTION<br>NO. B-03-131 |
| vs. | § | (JURY) |
| VALLEY PAN, INC.<br>d/b/a Subway and<br>DOCTER'S<br>ASSOCIATES, INC.<br>defendants. | §<br>§<br>§<br>§ | |

## PLAINTIFF'S ORIGIANL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

**MELISSA GARCIA,** Plaintiff, complaining of **VALLEY PAN, INC. d/b/a Subways and DOCTOR'S ASSOCIATES, INC.,** Defendants, avers:

### JURISDICITON AND VENUE

1. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. sections 1337 and 1343(4) and 42 U.S.C. section 2000e-5(f). Plaintiff also invokes this Court's pendant jurisdiction. This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. sections 2000e, et seq. ("Title VII") and the common law.

2. The unlawful employment practice alleged in this complaint were committed in the City of Port Isabel and the City of Brownsville, Cameron County in the Southern District of Texas.

## PARTIES

3. Plaintiff **MELISSA GARCIA** is a female citizen of the United States of America and a resident of Brownville, Texas.

4. Plaintiff avers on information and belief that defendant **VALLEY PAN, INC. d/b/a Subways**, is a corporation organized and existing under the laws of the State of Texas and does business in Cameron County Texas under the name "**Subway**". Plaintiff further avers on information and belief that defendant **DOCTOR'S ASSOCIATES, INC.**, is a foreign business corporation that conducts business in Texas and has as its Registered agent Corporation Service Company located at 800 Brazos, Austin, TX 78701.

5. The Defendants are "employer" within the meaning of section 701 (b) of the Title VII in that it engages in an industry affecting commerce and has employed more than the requisite number of persons for the requisite duration under Title VII.

6. Plaintiff timely filed a charge of discrimination against the defendant with Equal Employment Opportunity Commission ("EEOC") on or about May 24, 2002.

7. On or about May 5, 2003 Plaintiff received from the EEOC a "Notice of Right to Sue" entitling her to commence this action within 90 days of their receipt of that notice.

8. Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action.

## FIRST COUNT

9. Plaintiff was employed by the defendant from June 10, 1998 until April 6, 2002. At various times during plaintiff's employment she was subject to verbal sexual

harassment by a managerial official of the Defendant. Plaintiff was led to believe by the Defendant that her employment opportunities would be enhanced by acceding to the sexual advances and suggestions of a certain male employee or official of the Defendant. Plaintiff was also obliged to work in an atmosphere which was hostile to females by virtue of unsolicited and unwelcome sexual advances, requests for sexual favors and other verbal and physical conduct of a sexual nature. This sexual harassment was sufficiently pervasive to alter the conditions of Plaintiff's employment and create a working environment which was intimidation, insulting and abusive to female employees. As a result of this sexual harassment, Plaintiff was obliged to resign her employment on April 6, 2002 and was thereby constructively discharged.

10. Defendant discriminated against plaintiff because of her sex in violation of section 703(a) of Title VII by constructively discharging and otherwise discriminating against her, by engaging in, tolerating or failing to prevent the sexual harassment alleged above and by failing to take affirmative action to correct and redress these unlawful employment practices. Defendant also discriminated against plaintiff in violation of section 704 of Title VII by constructively discharging and otherwise discriminating against her because of her opposition to the unsolicited and unwelcome sexual advances forced upon her and other sexual harassment in her workplace.

11. Plaintiff believes, and thus avers, that the effect of the Defendant's unlawful employment practices has been to limit, classify and discriminate against females in ways which jeopardize and tend to deprive them of employment opportunities and otherwise adversely affect their status as employees because of their sex in violation of Title VII; and plaintiff, a victim of such practices, is now and will continue to be unlawfully

deprive of income in the form of wages and of prospective retirement benefits, seniority, Social Security benefits, insurance coverage and other monetary and non-monetary benefits due to her solely because of her sex in sums to be provided a trial.

12. Plaintiff has no plain, adequate or complete remedy at law to correct the Defendant's unlawful employment practices, and the injunctive and other equitable relief she seeks is her only means of securing full relief from these practices. Plaintiff is now suffering and will continue to suffer irreparable injury from these unlawful employment practice.

13. Defendant has acted maliciously or with reckless indifference to Plaintiffs rights under federal law.

14. Plaintiff is entitled to recover from the defendant reasonable attorney's fees as provided in section 706(k) of Title VII.

## SECOND COUNT

15. During Plaintiff's employment by the Defendants, one of its officers and or empoyees, acting without Plaintiff's consent and contrary to her stated wishes sexually importuned Plaintiff verbally and otherwise in a vulgar and unwelcome manner. This conduct and other incidents of harassment because of Plaintiff's sex exceed the bounds of decency tolerated in the State of Texas. The harassment directed at the Plaintiff which ultimately caused the termination of her employment was either intended to cause her severe emotional distress or was perpetrated with a reckless indifference to the likelihood that it would cause such distress. By the spring of 2002 this harassment directed at Plaintiff had, in fact, caused her such severe emotional distress that she was obliged to resign her employment to protect her well-being. Defendant is, therefore, liable to the

plaintiff for all damages proximately resulting from the distress she has suffered relating to the conduct of its officers.

16. In addition to the relief afforded by Title VII, plaintiff seeks, as a result of the intentional infliction of mental distress upon her, compensatory damages incurred or to be incurred by her and punitive damages in an aggregate amount in excess of $10,000.

Wherefore, plaintiff prays that this Court (i) declare that the employment practices complained of in this complaint are unlawful in that they violate Title VII; (ii) permanently enjoin the defendants and its agents, officers and employees from engaging in all practices found by this Court to be in violation of Title VII;(iii) order the defendants to make the Plaintiff whole by reinstating her with full back pay, bridged seniority and reimbursement for all loss of pension, retirement, insurance, Social Security and other monetary and non-monetary benefits, and prejudgment interest, all in amounts to be provide at trial; (iv) order that the defendant pay plaintiff a sum in excess of $10,000 as compensatory and punitive damages;(v) retain jurisdiction over this action to ensure full compliance with Court's orders and require the defendant to file such reports as the Court deems necessary to evaluate such compliance;(vi) order the defendant to pay Plaintiff's costs and expenses and reasonable attorneys' fees as provided in Title VII in connection with this action; and (vii) grant such other further relief to the plaintiff as the Court deems just and proper.

This 28th day of July, 2003

Respectfully Submitted,

_____
Ivan A. Andarza

Andarza & Hoffman, P.C.
State Bar No. 00798031
USDC Adm. No. 21085
500 W. 16th Street, Suit 103
Austin, Texas 78701
(512) 322-9800
(512) 322-9802 (fax)
Attorney for Melissa Garcia Plaintiff

**Plaintiff demands a Trial by Jury of all issues triable of Right by a Jury.**

This 28th day of July, 2003.

By: _____
Ivan A. Andarza
State Bar No. 00798031
USDC Adm. No. 21085