IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 2 9 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MS. MELISSA GARCIA § | |
| *Plaintiff* § | |
| § | |
| § | |
| VS. § | |
| § | CIVIL ACTION NO: B-03-131 |
| § | |
| § | |
| VALLEY PAN, INC. D/B/A SUBWAY § | |
| and DOCTER'S ASSOCIATES, INC. § | |
| *Defendants* § | |

### DEFENDANT VALLEY PAN, INC. ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **VALLEY PAN, INC.**, Defendant in the above-styled and numbered cause and files this its **Answer to Plaintiff's Original Complaint** and admits, denies, and alleges as follows:

I.

Defendant **VALLEY PAN, INC.** lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in paragraph (1), and thus denies the same.

II.

Defendant **VALLEY PAN, INC.** denies the allegations contained in paragraph (2) of Plaintiffs' Original Complaint.

### III.

Defendant **VALLEY PAN, INC.** lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in paragraph (3), and thus denies the same.

### IV.

Defendant **VALLEY PAN, INC.** lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in paragraph (4), and thus denies the same.

### V.

Defendant **VALLEY PAN, INC.** lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in paragraph (5), and thus denies the same.

### VI.

Defendant **VALLEY PAN, INC.** lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in paragraph (6), and thus denies the same.

### VII.

Defendant **VALLEY PAN, INC.** lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in paragraph (7), and thus denies the same.

## VIII.

Defendant **VALLEY PAN, INC.** lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in paragraph (8), and thus denies the same.

## IX.

Defendant **VALLEY PAN, INC.** denies the allegations contained in paragraph (9) of Plaintiff's Complaint.

## X.

Defendant **VALLEY PAN, INC.** denies the allegations contained in paragraph (10) of Plaintiff's Complaint.

## XI.

Defendant **VALLEY PAN, INC.** denies the allegations contained in paragraph (11) of Plaintiff's Complaint.

## XII.

Defendant **VALLEY PAN, INC.** denies the allegations contained in paragraph (12) of Plaintiff's Complaint.

## XIII.

Defendant **VALLEY PAN, INC.** denies the allegations contained in paragraph (13) of Plaintiff's Complaint.

## XIV.

Defendant **VALLEY PAN, INC.** denies the allegations contained in paragraph (14) of Plaintiff's Complaint.

**XV.**

Defendant **VALLEY PAN, INC.** denies the allegations contained in paragraph (15) of Plaintiff's Complaint.

**XVI.**

Defendant **VALLEY PAN, INC.** lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in paragraph (16), and thus denied the same.

**DEFENSES**

**XVII.**

Subject to and without waiving foregoing, Defendant **VALLEY PAN, INC.**, would further show that Plaintiff voluntarily assumed any risk complained of.

**XVIII.**

Subject to and without waiving foregoing, Defendant **VALLEY PAN, INC.**, would further show that Plaintiff voluntarily initiated all events that in fact occurred.

**IXX.**

Subject to and without waiving foregoing, Defendant **VALLEY PAN, INC.**, would further show that Plaintiff has failed in whole, or in part, to mitigate her damages.

**XX.**

Subject to and without waiving foregoing, Defendant **VALLEY PAN, INC.**, would further show that Plaintiff has failed to state a claim upon which relief can be granted.

## XXI.

Defendant **VALLEY PAN, INC.**, alleges that this Court lacks personal jurisdiction over Defendant.

## XXII.

Defendant **VALLEY PAN, INC.**, alleges that venue is improper.

## XXIII.

Defendant **VALLEY PAN, INC.**, alleges that Plaintiff has failed to join an indispensable party.

## XXIV.

Defendant **VALLEY PAN, INC.**, alleges that Plaintiff's damages, if any, were proximately caused, in whole or in part, by the acts or omissions of the third parties, over whom Defendant had neither control nor right of control, and Defendant specifically reserves any actions of contribution and indemnity against such third-parties and asserts its right to a comparative fault determination.

## XXV.

Defendant **VALLEY PAN, INC.**, alleges that Plaintiff's damages, if any, were caused in whole or in part, by a new and independent cause.

## XXVI.

Defendant **VALLEY PAN, INC.**, alleges that any recovery or settlement Plaintiff has or may obtain from other individuals, firms, corporations, or entities over whom Defendant has or had no control or right of control must reduce or bar any recovery which Plaintiff might obtain from Defendant.

## XXVII.

Defendant **VALLEY PAN, INC.**, alleges that Plaintiff's damages, if any, were caused in whole or in part, by her unclean hands, entrapment or otherwise her own affirmative actions and conscious decisions.

## XXVIII.

Defendant **VALLEY PAN, INC.**, further pleads the Doctrine of Excuse. Defendant would state that the reason it is excused from its conduct includes but is not limited to:

    a. Defendant was not aware of the need or occasion for compliance;

    b. Defendant was unable, after reasonable diligence and care to comply; and

    c. Compliance was impossible or impaired due to the conduct of Plaintiff.

WHEREFORE PREMISES CONSIDERED, Defendant **VALLEY PAN, INC.** prays that Plaintiff take nothing by way of her suit, that her Complaint be dismissed, and that Defendant be awarded its costs, fees, and for such other and further relief, both in law and equity, as the Court may deem just and proper.

Respectfully submitted,

**R.W. ARMSTRONG, P.C.**
2600 Old Alice Road, Ste A
Brownsville, Texas 78521
Telephone:   (956) 546-5556
Telecopier:   (956) 546-0470

BY: _____
       R.W. Armstrong

## CERTIFICATE OF SERVICE

I, R.W. Armstrong, hereby certify that a true and correct copy of the foregoing **Defendant's Original Answer** was this 29th day of August 2003, mailed by certified mail, return receipt requested:

> Ivan A. Andarza
> ANDARZA & HOFFMAN, P.C.
> 500 W. 16th Street, Suite 103
> Austin, Texas 78701

_____
R.W. Armstrong