IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MS. MELISSA GARCIA<br>Plaintiff, | §<br>§<br>§<br>§ | |
| VS. | §<br>§<br>§<br>§<br>§ | CIVIL ACTION NO: B-03-131 |
| VALLEY PAN, INC. D/B/A SUBWAY;<br>and DOCTER'S ASSOCIATES, INC.,<br>Defendants. | §<br>§<br>§ | |

United States District Court
Southern District of Texas
FILED

JUL 2 9 2004

Michael N. Milby
Clerk of Court

NOTICE OF SUPOENA DUCES TECUM
TO PLAINTIFF MELISSA GARCIA
BY DEFENDANT VALLEY PAN, INC.
EXHIBIT "A"

## DEFINITIONS

1. "Person" means any natural person, firm, corporation, partnership, limited partnership, proprietorship, joint venture, organization, group of natural persons or other associations separately identifiable whether or not such association has a separate legal existence in its own right.

2. "You," "your," and "Plaintiff" refer to Plaintiff Melissa Garcia and her agents, affiliates and representatives, including attorneys, jointly and severally.

3. "Defendant" refers to Valley Pan, Inc. and any of its agents, and representatives, including attorneys, jointly and severally.

4. "Possession," means possession, custody, or control of an item that you either have physical possession of the item or have a right to possession of the item that is equal to or superior to that of the person who has physical possession of the item.

6. "Document" means all original written, recorded, stenographic, electronic or magnetic matter whatsoever and all non-identical copies thereof, including, but not limited to, papers,

books, records, checks, letters, photographs, videotapes, and other audio or visual aids, tangible things, correspondence, communications, memoranda, notes, records of telephone or other conversations, or of conferences or of other meetings, receipts, contracts, agreements, plans, specifications, and all things similar to any of the foregoing, however denominated.

7. "Document" includes all copies of any above-defined document where the original is not in your possession, custody, or control, and all copies of any above-defined document where such copy is not an identical copy of an original or whether such copy contains any commentaries or notation whatsoever that does not appear on the original or other copy.

8. The term "Document" is also defined to include tangible things by which human communication is transmitted or stored, including but not limited to, letters, reports, memoranda, studies, books, drawings, photographs, publications, diaries, contracts, drafts of contracts, ledgers, telegrams, correspondence, books of account, balance sheets, journals, minutes, resolutions, interoffice communications, bulletins: notices, summaries, calendars, notes, stock certificates, stock restrictions, receipts, vouchers, magnetic or phonographic recordings, video tapes, printouts of any type of data stored on any computer hard drives), diskette(s), tape(s), and/or CD-ROMS, printouts of any type of e-mail transmissions, models, prototypes, statements, invoices, tickets, itineraries, canceled checks, computer printouts, flow charts, consents, exhibits, amendments, proposals, copies of documents with notations thereon, or copies or reproductions of any of the foregoing now in the possession, care, custody, or control (actual or conservator) of Deponent.

If any document(s) is withheld from production under claim of privilege, then state with respect to each such document:

    1.      the information or material responsive to the request which has been withheld;
    2.      the request to which the information or material relates; and
    3.      the privilege or privileges asserted.

Request is hereby made pursuant to the Federal Rules of Civil Procedure that you identify the information and material withheld under claim of privilege within the period specified by law for the assertion of any right or intention to withhold any document(s) from production that;

    1. Describes the information or material withheld that, without revealing the privileged information itself or otherwise waiving the privilege, enables the requesting arty to assess the applicability of the privilege, and;

    2. asserts a specific privilege for each item or group of items withheld.

## DOCUMENTS TO PRODUCE

1. All documents that refer, relate or pertain to your educational background, including but not limited to diplomas, transcripts, dissertations, educational awards, certificates and the like.
2. All documents that refer, relate or pertain to your work or employment history since January 1, 1995 through the present, including but not limited to W-2, W-4 and 1099 forms issued to you, check stubs, bank records, income tax returns and any other evidence of your employment by Valley Pan, Inc. and every other employer or contractor through the present.
3. All documents that refer, relate or pertain to Defendant Doctor's Associates, Inc,
4. All documents that refer, relate or pertain to Defendant Valley Pan, Inc.
5. All documents that refer, relate or pertain to Ivan Zorrilla.
6. All documents that refer, relate or pertain to any claims for insurance benefits for the harassment and other actionable behavior alleged by you in your Complaint in this action.
7. All documents that refer, relate or pertain to the harassment and other actionable behavior alleged by you in your Complaint in this action.
8. All documents that refer, relate or pertain to any complaints, notices, claims or charges to any governmental authority alleging civil rights violations or other injurious behavior for the harassment and other actionable behavior alleged by you in your Complaint in this action.
9. All documents that refer, relate or pertain to any complaints, notices, claims or charges to any non-governmental authority alleging civil rights violations or other injurious behavior for the harassment and other actionable behavior alleged by you in your Complaint in this action.
10. All documents that refer, relate or pertain to any complaints, notices, claims or charges to Valley Pan, Inc. alleging civil rights violations or other injurious behavior for the harassment and other actionable behavior alleged by you in your Complaint in this action.
11. All documents that refer, relate or pertain to any complaints, notices, claims or charges to Doctor's Associates, Inc. alleging civil rights violations or other injurious behavior for the harassment and other actionable behavior alleged by you in your Complaint in this action.

your attorney that support or relate to any contention made by you or any Plaintiff in this matter.

27. Any and all regulations, standards, codes, or governmental or industry requirements which you allege this Defendant violated which you allege to be applicable in connection with your allegation that this Defendant was responsible, in whole or in part, for the damages alleged in this lawsuit.

28. Each and every document, photograph, or tangible item of any description upon which you rely in support of your allegation that this Defendant was responsible in any way for the damages alleged in this lawsuit.

**29.** Any and all documents regarding, concerning or relating to correspondence or communications with the Equal Employment Opportunity Commission and/or the Texas Commission on Human Rights and which relate to your employment or termination of employment by Valley Pan, Inc. or to the alleged sexual harassment which is the basis of this suit.

30. Any and all documents regarding, concerning, evidencing or otherwise relating to correspondence or communications between you and the Texas Employment Commission relating to Valley Pan, Inc.