| | |
|---|---|
| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |

United States District Court
Southern District of Texas
FILED

SEP 3 0 2005

Michael N. Milby
Clerk of Court

THOMAS WILDING and § 
LINDA WILDING §
        Plaintiffs §
§
v. §   CIVIL ACTION NO: B-03-131
§   (Jury Demanded)
THE HANOVER AMERICA §
INSURANCE COMPANY §
§

### JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

Now come Plaintiffs Thomas Wilding and Linda Wilding and Defendant The Hanover Insurance Company and submits the following JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE:

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   The meeting of the parties occurred on September 28, 2005 telephonically. R W Armstrong appeared on behalf of the Plaintiffs and Michael Lee appeared on behalf of the Defendant.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.
   None

3. Briefly describe what this case is about.

   The cause of action is based upon an automobile insurance contract and the recovery for underinsured motorist injuries and damages.

4. Specify the allegation of federal jurisdiction.

   The allegation of federal jurisdiction is diversity and an amount in excess of $75,000.00

5. Name the parties who disagree and the reasons.

02-589 File Server-Joint Discovery Case Mgmt Plan-Wilding

Plaintiffs:
Thomas Wilding and Linda Wilding, plaintiffs have brought this action based upon an auto insurance policy issued by the Defendant The Hanover Insurance Company. Previously Plaintiffs brought an action against Mark E. Maggard (tortfeasor) in Cause No: 2003-02-1154-E, 357 Judicial District Court, for injuries and damages resulting from a motor vehicle accident of May 21, 2002. Plaintiffs settled with the tortfeasor Mark E. Maggard with written permission of Defendant The Hanover Insurance Company and then brought this action for recovery of underinsured motorist benefits contractually due Plaintiffs. Plaintiffs and their counsel believe they are entitled to recover the damages sustained as Defendant issued a contract of insurance containing coverage for underinsured/uninsured motorist damages in the amount of two hundred fifty thousand dollars ($250,000.00) Dollars, which coverage benefits the Wildings when they have been involved in an automobile collision, which they were not responsible and suffered damages in excess of the tortfeasor insurance policy.

Defendant:
The Hanover Insurance Company and its counsel disagree with the Plaintiff's claim for underinsured insurance benefits in that such claim should not be heard until the Plaintiff has proved the underlying claim/lawsuit against Mark E. Maggard that Mark E. Maggard was legally negligent and/or responsible for the accident which is the subject of the underinsured insurance benefits claim and that was a proximate cause of Mr. and Mrs. Wildings damages; and further, that such damages were in excess of Mark E. Maggard's financial ability to pay same which would then create a consideration as to whether Mr. and Mrs. Wilding were legally entitled at that point in time to collect underinsured insurance benefits per the Texas motor vehicle contract. .

6. List anticipated additional parties that should be included, when they can be added and by whom they are wanted.

   None.

7. List anticipated interventions.

   None

8. Describe class-action issues.

   None

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

Discovery has not commenced but is expected within thirty days the parties will exchange initial discovery, to include Request for disclosures, Request for Production, and Admissions, counsel for both Plaintiff and Defendant agreed to confer within the next 45 days to discuss the issues to be presented.

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

       Discovery has not commenced.

    B. When and to whom the plaintiff anticipates it may send interrogatories.

       Plaintiff intends to send interrogatories to defendant The Hanover Insurance Company within the next 30 to 45 days.

    C. When and to whom the defendant anticipates it may send interrogatories.

       Defendant intends to forward interrogatories to plaintiff with in the next 30 to 45 days.

    D. Of whom and by when the plaintiff anticipates taking oral depositions
       Plaintiff intends to depose persons with knowledge of relevant facts and experts designated by the defendant.

    E. Of whom and by when the defendant anticipates taking oral depositions.

       Defendant intends to depose persons with knowledge of relevant facts and persons identified in the underlying litigation.

    F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

       Plaintiff will be able designate expert witnesses by February 1, 2006 and provide reports.

    G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

       The parties will supplement experts to depose.

    H List expert depositions the opposing party anticipates taking and their anticipate completion date. See Rule 26(a)(2)(B) (expert report).

   The parties will supplement experts to depose.

10. If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.

    Not applicable.

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

    None

12. State the date the planned discovery can reasonably be completed.

    The parties anticipate May 1, 2006.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    The parties will attempt to resolve matters as soon as possible.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

    The parties are discussing issues at this time.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    The parties are amenable to mediation after completion of discovery.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    The parties are discussing the issue.

17. State whether a jury demand has been made and if it was made on time.

    A jury demand has been filed.

18. Specify the number of hours it will take to present the evidence in this case.

    The parties anticipate twenty-four hours of live testimony.

20. List pending motions that could be ruled on at the initial pretrial and scheduling

02-589 File Server-Joint Discovery Case Mgmt Plan-Wilding

conference.

None

21. List other motions pending.

None

22. Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.

   The Defendant, The Hanover Insurance Company would state to the court that the applicable claims office and file is located in Kenner, La. and as a result of hurricane Katrina, counsel for defendant has been unable obtain the applicable claim files, notwithstanding this disaster, counsel for defendant is working to prepare the case for trial.

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

   R W Armstrong
   2600 Old Alice Road Ste A
   Brownsville, Texas 78521
   (956) 546 5556
   (956) 546 0470 fax
   Texas State Bar Number 01323500
   Federal Bar Number:2237

   Michael S. Lee
   615 No. Upper Broadway, Ste 708
   Corpus Christy, Texas 78477
   (361) 882 4444
   (361) 882 7844 fax
   Texas State Bar Number:12129700
   Federal I.D. Number 0694

   RESPECTFULLY SUBMITTED:

   _____
   Counsel for Plaintiff(s)                    Date: September 29, 2005

   Michael S. Lee  by permission RW
   _____
   Counsel for Defendant                       Date: September 29, 2005

02-589 File Server-Joint Discovery Case Mgmt Plan-Wilding